UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL NIEVES,

                            Plaintiff,

               -against-

SHIZHEN JIA,

                            Defendant.

21-CV-8753 (ER)

ORDER OF SERVICE

EDGARDO RAMOS, United States District Judge:

Plaintiff, who is currently held at Bellevue Hospital's Prison Ward, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendant Dr. Shizhen Jia is medicating Plaintiff

without Plaintiff's consent. By order dated November 10, 2021, Chief Judge Laura Taylor Swain

granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*

(IFP).[1]

## DISCUSSION

### A.    Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of

Civil Procedure generally requires that the summons and complaint be served within 90 days of

the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed
IFP. *See* 28 U.S.C. § 1915(b)(1).

summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Dr. Shizhen Jia through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.    Order to show cause for preliminary injunction and temporary restraining order**

Plaintiff has filed an order to show cause requesting preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that

should not be granted unless the movant, by a clear showing, carries the burden of persuasion."
*Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

The Court finds that, at this stage of the litigation of this action, Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, the Court denies Plaintiff's request for an order to show cause without prejudice to renew the request at a later date.

**C.**     ***Pro bono* counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue a summons for Defendant Dr. Jia, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court denies (1) Plaintiff's request for an order to show cause (ECF 4) and his application for the court to request *pro bono* counsel (ECF 5), both without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 13, 2021
          New York, New York

_____
EDGARDO RAMOS
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Dr. Shizhen Jia
Bellevue Hospital Center
Unit 19 North
462 First Avenue
New York, NY 10016