UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL NIEVES,

                           Plaintiff,

            – against –

SHIZHEN JIA, MD

                          Defendant.

**ORDER**

21 Civ. 8753 (ER)

---

Ramos, D.J.:

      On October 26, 2021, *pro se* plaintiff Michael Nieves brought this action under 42 U.S.C. § 1983 and filed an application seeking that the Court request *pro bono* counsel to represent him, based on the fact that he cannot afford any legal fees related to these proceedings and the fact that he does not possess adequate litigation training and skills. *See* Docs. 2; 5 at 1.[1]

      Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The standards governing the appointment of counsel in *pro se* cases were set forth by the Court of Appeals in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and

---

[1] Nieves filed an amended complaint, Doc. 7, on November 23, 2021, and a second amended complaint, Doc. 13, on February 15, 2022. Defendant Shizhen Jia requested an extension to respond to the complaint, which the Court granted on March 18, 2022. *See* Docs. 16, 19.

*Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986).  The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case and Petitioner's ability to gather the facts and present the case if unassisted by counsel.  *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing factors set forth in *Hodge*, 802 F.2d at 60–62).  Of these, the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors, including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

At this stage in the proceedings, the Court is unable to conclude that Nieves' claims are likely to have merit, although that may change as the litigation progresses.  Accordingly, Nieves' application for the appointment of *pro bono* counsel is denied without prejudice to possible renewal at a later stage in the case. Nieves may, however, seek advice from the New York Legal Assistance Group by calling 212-659-6190.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 5, and is requested to mail a copy of this order to Nieves.

It is SO ORDERED.

Dated: April 1, 2022
New York, New York

Edgardo Ramos, U.S.D.J.