UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL NIEVES,

                             Plaintiff,

           -against-

SHIZHEN JIA, MD,

                             Defendant.

**ORDER**

21 Civ. 8753 (ER)

      The Court has been informed that Plaintiff Michael Nieves passed away on August 30, 2022. Federal Rule of Civil Procedure 25(a) governs the substitution of a party in the event of a death. Rule 25(a)(1) provides:

> Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed

Fed. R. Civ. P. 25(a)(1). Thus, any party may file a motion for substitution pursuant to Rule 25(a)(1) no later than December 1, 2022. *See English v. Murphy-Lattanzi*, No. 12-cv-419 (JS) (SIL), 2015 WL 630248, at *2 (E.D.N.Y. Feb. 12, 2015) ("Rule 25(a)(1) provides a ninety-day window within which to file a motion for substitution, calculated from the filing of the suggestion of death. Failure to file a motion for substitution within the prescribed period generally requires dismissal of the action.") (internal citations omitted). Any such motion must address whether: "(1) the motion was timely; (2) the claims survive the decedent's death; and (3) the party sought to be substituted for the decedent is a proper party." *Id.* (quoting *Badalamenti v. Country Imported Car Corp.*, No. 10-cv-4993, 2012 WL 6061639, at *9 (E.D.N.Y. Dec. 5, 2012)).

The Court finds that there is good cause to stay the proceedings in this case pending the submission of any motion for substitution, given the current lack of a representative to prosecute Plaintiff's action.  For the same reason, the Court will treat as withdrawn all motions pending appointment of such a representative without prejudice to their renewal following the appointment of any successor to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  See *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff for the attention of his estate by first-class and certified mail.  The Clerk of Court is further directed to note the stay of this action on the docket of the case and to terminate the pending motion, Doc. 31.

SO ORDERED.

Dated:  September 8, 2022
        New York, New York

_____
Edgardo Ramos, U.S.D.J.